The document below is hereby signed.

Signed: April 08, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| RIA, LLC, | ) | Case No. 09-00588 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

## MEMORANDUM DECISION RE MOTION TO CONVERT OR DISMISS

The United States Trustee has filed a motion to convert this case to chapter 7, or in the alternative, to dismiss the case. The motion will be granted, and the case will be converted to chapter 7 for the following reasons.

I

The debtor, through counsel, has filed a response (Dkt. No. 62) opposing a conversion of this case, and although requesting dismissal of the case, contends that conversion or dismissal is not required. The debtor does not dispute that "cause" has been established for purposes of § 1112(b)(1) (because grounds of "cause" enumerated in § 1112(b)(2) exist). Although conversion or dismissal is not automatically required when such "cause" is

established, the debtor's response[1] demonstrates that this case must either be converted to chapter 7 or dismissed.

A.

Once cause is established, dismissal or conversion generally is required "absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate. . . ."  11 U.S.C. § 1112(b)(1).  The debtor concedes that "[t]here does not appear to be any unusual circumstances that would permit this Court from finding that a dismissal or conversion would not be in the best interests of the creditors" and that "there is nothing left to reorganize."  Response at ¶¶ 10 and 12.[2]  In any event, the debtor's response fails to identify specific unusual circumstances that establish that conversion or dismissal is not in the best interests of creditors and the estate.

---

[1] The debtor's co-counsel has also filed a response which only recites that the debtor consents to dismissal without setting forth any ground (1) that rebuts the United States Trustee's position that the case must be either dismissed or converted, and (2) that demonstrates that conversion (versus dismissal) is not in the best interests of creditors and the estate.  The discussion that follows, therefore, addresses the debtor's original response.

[2] The debtor notes that its main asset has been foreclosed upon, rendering the case unnecessary for the protection of the debtor.  Response at ¶ 3.

2

B.

Section 1112(b)(2) can be read as setting forth a basis upon which the court must deny dismissal or conversion, even when cause exists for conversion or dismissal and the court is unable specifically to identify unusual circumstances of the character specified by § 1112(b)(1) that would justify such a denial.  As pertinent here, however, § 1112(b)(2) can be successfully invoked by a debtor to obtain a denial of conversion only if:

> (A) there is a reasonable likelihood that a plan will be confirmed . . . within a reasonable period of time; and
> (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A)--
> > (i) for which there exists a reasonable justification for the act or omission; and
> > (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).  For three reasons, the debtor cannot successfully invoke § 1112(b)(2).

First, the debtor does not challenge the United States Trustee's assertion that conversion or dismissal is warranted under § 1112(b)(4)(A), which sets forth as one of the causes for dismissal or conversion "substantial . . . diminution of the estate and the absence of a reasonable likelihood of rehabilitation."  Indeed, the debtor recognizes that "the value of the estate has been greatly diminished" (Response at ¶ 6), and argues in support of its view that the case should be dismissed instead of converted, that "the diminution of an estate and the

3

absence of any likelihood of rehabilitation favor a dismissal of the Chapter 11 case." Response at ¶ 11.  When § 1112(b)(4)(A) applies, that renders § 1112(b)(2), by its own terms, unavailable for the court to decide not to dismiss or convert the case.

Second, as required by § 1112(b)(2)(B)(i), the exception can apply only if there is a "reasonable justification for the act or omission" that forms the basis of the United States Trustee's motion.  The debtor's response fails to set forth any such "reasonable justification."  The response merely alleges that the debtor will remedy within a reasonable period of time the debtor's failure to pay quarterly fees and to file monthly reports of income and expenses with the court since November of 2009.  But curing a default within a reasonable period of time is an additional requirement, set forth in § 1112(b)(2)(B)(ii), independent of the requirement in § 1112(b)(2)(B)(i) of "reasonable justification."

Third, the exception of § 1112(b)(2) applies here only if "there is a reasonable likelihood that a plan will be confirmed . . . within a reasonable period of time."  11 U.S.C. § 1112(b)(2)(A).  The debtor has not alleged that the requirement of § 1112(b)(2)(A) can be satisfied.  Indeed, the debtor concedes that its current plan cannot be confirmed, that the bankruptcy case is no longer needed for the protection of the debtor, and that there is nothing to reorganize.  This single asset real

estate case has been pending since July 7, 2009, and there is no reasonable likelihood that a plan will be confirmed within a reasonable period of time.

II

The remaining issue is whether it is dismissal or conversion of the case to chapter 7 that "is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). The United States Trustee seeks conversion and, in the alternative, dismissal. The only creditor who has responded to the motion has sought conversion of the case.

In opposing conversion as not being in the best interest of creditors, the debtor only contends that "[i]t cannot be deemed favorable to creditors by subjecting them unnecessarily to the automatic stay provisions of 11 U.S.C. § 362 when alternative remedies of relief pursuant to state law are available." Response at ¶ 12. That argument fails to acknowledge one of the key purposes of the automatic stay, which is to prevent a race of creditors in collecting their claims from whatever assets of an insolvent debtor remain. A chapter 7 case "provides a statutory means for an orderly liquidation and equitable distribution of the debtors' assets." *In re the Great Am. Pyramid Joint Venture*, 144 B.R. 780, 793 (Bankr. W.D. Tenn. 1992). The debtor's argument thus rings hollow.

In any event, conversion is warranted because it will ensure

that an independent fiduciary, a chapter 7 trustee, is in place to pursue assets and causes of action for the benefit of the estate and creditors.  *See*, *e.g.*, *In re Stokes*, 2009 WL 3062314 at * 19 (Bankr. D. Mont. 2009) (conversion was in the best interests of the creditors and the estate because, *inter alia*, a trustee will be appointed "to investigate and evaluate the [d]ebtor's assets and lawsuits.")  Moreover, tools are available in a chapter 7 case for the benefit of creditors that would be unavailable outside of bankruptcy, including the use of examinations under Fed. R. Bankr. P. 2004, and a trustee's avoidance powers under chapter 5 of the Bankruptcy Code.  This too weighs in favor of conversion.  *See In re Citi-Toledo Partners*, 170 B.R. 602, 609 (Bankr. N.D. Ohio 1994) ("[T]he fact that creditors will likely enjoy greater rights in bankruptcy court than they would enjoy in state court militates in favor of conversion.").  Finally, once administration of a chapter 7 case is completed, that will permit creditors to know that there likely are no further assets of the debtor worth pursuing.

III

An order follows converting this case to chapter 7.

[Signed and dated above.]

Copies to: Counsel of record via electronic notification.